**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

O'Reilly Media, Inc.,                                     Case No. 14-10024

              Plaintiff,                       Hon. _____

v.

Strata Big Data LLC,

              Defendant.

_____

HONIGMAN MILLER SCHWARTZ AND
 COHN LLP
Attorneys for Plaintiff
By:    Michael A. Lisi (P39537)
       Brian D. Wassom (P60381)
39400 Woodward Avenue, Suite 101
Bloomfield Hills, MI 48304
(248) 566-8490
mlisi@honigman.com
bwassom@honigman.com
_____/

**COMPLAINT**

Plaintiff O'Reilly Media, Inc. ("O'Reilly"), by its attorneys, Honigman Miller Schwartz

and Cohn LLP, for its Complaint against Strata Big Data, LLC ("SBD"), says:

## INTRODUCTION

1.      O'Reilly files this Complaint as a last resort, to protect the business reputation that O'Reilly has worked so hard to build. At least as early as 2010, O'Reilly began to promote the name STRATA to signify its various efforts to publish information and bring together professionals in the field large-scale data management and science—the field known colloquially as "big data." [1] Years after O'Reilly had built a significant amount of goodwill in this mark—including by hosting several in-person and online STRATA conferences across the country and the globe—and with full knowledge of STRATA, Defendant SBD began using the mark STRATA BIG DATA in the materially identical field of "big data consulting services." Politely but firmly, O'Reilly reached out to SBD to express its concerns over SBD's use and attempt to register this confusingly similar mark, and invited SBD to discuss the matter. SBD, however, has refused to negotiate, and even threatened to bring legal action against O'Reilly. Subsequent attempts to resolve the matter amicably have likewise failed. Meanwhile, SBD has only intensified its use of the STRATA BIG DATA mark, causing a real threat of customer confusion. Therefore, O'Reilly is left with no alternative but to seek this Court's assistance in persuading SBD to cease the actions that O'Reilly believes will endanger the goodwill O'Reilly has built up in the STRATA mark.

---

[1] "Big data is a term describing the storage and analysis of large and or complex data sets using a series of techniques including, but not limited to: NoSQL, MapReduce and machine learning." *The Big Data Conundrum: How to Define It?* October 3, 2013, Technologyreview.com at http://www.technologyreview.com/view/519851/the-big-data-conundrum-how-to-define-it/ .

## THE PARTIES

2.　　Plaintiff O'Reilly Media, Inc. is a Delaware corporation located at 1005 Gravenstein Highway North, Sebastopol, CA 95472, and is the owner of the trademark rights involved in this action.

3.　　Defendant Strata Big Data LLC is a Michigan limited liability company first organized on July 18, 2013, with its registered office address at 38589 Terry Lane, Westland, MI 48185, and its (apparent) principal place of business at 50449 Independence Street, Canton, MI, 48188.

## JURISDICTION AND VENUE

4.　　This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. §1121 and 28 U.S.C. §§1338(a) and (b). On information and belief, the amount in controversy exceeds the sum or value of seventy-five thousand dollars ($75,000), exclusive of interest and costs. Jurisdiction over the state law claims is also appropriate under 15 U.S.C. §1367(a) and principles of pendent jurisdiction.

5.　　This Court has personal jurisdiction over SBD. SBD has purposefully availed itself of the privilege of acting in this judicial district by, among other things, organizing and operating within the State of Michigan and this district, and by selling, and advertising and promoting the sale of its services under the STRATA BIG DATA name and mark via the internet website available at http://www.stratabigdata.com ("SBD's Website"), which is available to internet users throughout the country, including those in this district.

6.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1391(b) and (c). SBD is located in this district and a substantial portion of the activity about which O'Reilly complains has taken place in this district.

## RELEVANT BACKGROUND

### O'Reilly's Development of the STRATA Mark and Related Goodwill

7.      Since 1978, O'Reilly has been a chronicler and catalyst for leading-edge technology development, spreading knowledge for and about innovations and innovators through books, conferences, online services, magazines, and research and consulting services.

8.      O'Reilly held its first Strata Conference on innovations in big data in Santa Clara, CA February 1-3, 2011. Subsequent Strata Conferences have taken place as follows:

- April 2011 (online)
- May 2011 (online)
- September 2011 (New York, NY)
- December 2011 (online)
- January 2012 (online)
- February/March 2012 (Santa Clara, CA)
- May 2012 (online)
- June 2012 (online)
- October 2012 (London, UK)
- October 2012 (San Francisco, CA)
- October 2012 (New York, NY)
- January 2013 (online)
- February 2013 (online)
- February 2013 (Santa Clara, CA)

- September 2013 (Boston, MA)
- October 2013 (New York, NY)
- November 2013 (London, UK)

9.     O'Reilly also publishes, distributes and sells a series of print and electronic reports and books, and video compilations in the field of big data and data science under the name and mark STRATA.  O'Reilly distributes its materials and information through a variety of outlets, including print publications, O'Reilly's website, and various social media accounts (including on Facebook, Twitter, YouTube and Google+).

10.     O'Reilly provides research and consulting services to customers, including in the fields of big data and data science.

11.     O'Reilly coined the distinctive name and mark STRATA for use with conferences, print and electronic reports and books, and video compilations in the field of big data and data science ("O'Reilly's Goods and Services"). By virtue of its nationwide use of the STRATA mark since as early as August, 2010, O'Reilly owns the exclusive rights in the mark throughout the U.S. O'Reilly's STRATA mark is very well known in the IT industry and in the fields of big data and data science in particular, and associated by the public with O'Reilly and O'Reilly's Goods and Services.

12.     O'Reilly owns a series of domain name registrations incorporating STRATA, including the following domain names:

- <strataconference.com> - registered July 15, 2010

- <strataconference.net> - registered July 15, 2010

- <strataconf.com> - registered July 15, 2010

- <strataconf.net> - registered July 15, 2010

O'Reilly's online promotion of the first Strata Conference using a website associated with one or more of the above domain names (collectively, "O'Reilly's Domain Names") commenced at least as early as August, 2010.

13.    By virtue of the inherent strength and distinctiveness of STRATA as applied to O'Reilly's Goods and Services, the extensive nationwide and international use and promotion of STRATA, and the strong reputation afforded to O'Reilly's Goods and Services as offered and sold under STRATA, O'Reilly's STRATA mark has become very well known.

### SBD's Wrongful Acts

14.    Mr. Murty Midathata is the CEO and President of SBD.

15.    Mr. Midathata caused the following actions to be taken at the following times:

(A.) Registration of the domain name <stratabigdata.com> in Mr. Midathata's name at Godaddy.com on June 28, 2013;

(B.)Formation of the Michigan limited liability Strata Big Data LLC on July 18, 2013 and registration of the assumed name Strata Big Data on August 1, 2013;

(C). Filing of U.S. Trademark App. No. 86021581 on July 26, 2013 in the USPTO for the mark STRATA BIG DATA for use with services described as "Computer software and hardware consulting; technical support services, namely, remote and on-site infrastructure management services for monitoring, administration and management of cloud computing IT systems; installation of computer software; cloud computing, namely, providing virtual computer systems and virtual computer environments through cloud computing; technical support services, namely, troubleshooting of computer software problems; computer software maintenance."

(D) Use of the STRATA BIG DATA mark in various social media channels, including Facebook (https://www.facebook.com/StrataData) and Twitter (https://twitter.com/StrataBigData and https://twitter.com/mmidathada).

Upon information and belief, these actions were taken with full knowledge of O'Reilly's prior conflicting trademark rights in STRATA.

16.     On September 13, 2013, O'Reilly's President, Laura Baldwin, sent a detailed email message to Mr. Midathata expressing concerns about SBD's use and registration of the name and mark STRATA BIG DATA, and requesting that SBD cease using the mark and withdraw U.S. Trademark App. No. 86021581.  Ms. Baldwin also invited Mr. Midathata

to contact her if he would like to discuss the matter with her by telephone. A copy of this email is attached as <u>Exhibit A</u>.

17.    Mr. Midathata failed to respond in any way to Ms. Baldwin's email.

18.    On October 11, 2013, Mr. John J. Sullivan, O'Reilly's outside legal counsel, sent a follow up letter to Mr. Midathata, reiterating Ms. Baldwin's concerns and requests. Mr. Sullivan's letter is attached as <u>Exhibit B</u>.

19.    In a letter dated October 14, 2013, counsel for SBD, Mr. Howard M. Neu, replied to Mr. Sullivan's letter.  His response admitted that "[i]f you GOOGLE [sic] strata big data, [O'Reilly] is listed on the top 2 pages and [SBD] is nowhere in sight"—a sure indicator of likely confusion.  Nevertheless, Mr. Neu asserted that O'Reilly's claims were "not tenable." Among other things, he wrote that a UDRP action by O'Reilly to recover the domain name <stratabigdata.com> would fail, and threatening to meet any UDRP action with a reverse domain name hijacking claim, and exposure at the website <HallofShame.com>.  Neither Mr. Sullivan's letter nor Ms. Baldwin's email, however, had even mentioned a possible UDRP action.  Mr. Neu's letter is attached as <u>Exhibit C</u>.

20.    Mr. Sullivan responded by the October 16, 2013 letter attached as <u>Exhibit D</u>. Mr. Sullivan reiterated the earlier concerns and requests, and requested compliance and a response by October 24, 2013. The final letter between the parties was Mr. Neu's response on October 24, 2013, attached as <u>Exhibit E</u>. Mr. Neu asserted that O'Reilly's "case is

extremely weak," and extolled SBD's expenditure of "time, money and resources into marketing their products and services throughout the world."

21.     On November 15, 2013, with full knowledge of O'Reilly's prior conflicting trademark rights, SBD filed a *second* application in the USPTO to register a logo form of the mark STRATA BIG DATA.  Details of SBD's two pending applications, App. Nos. 86021581 and 86120129, are set forth in Exhibit F, attached (hereinafter, "SBD's Applications").

22.     While taking each of the foregoing actions, SBD had actual knowledge of O'Reilly's prior rights in and to the STRATA mark. These actions by SBD were taken in bad faith to unfairly profit from the tremendous reputation and goodwill associated with O'Reilly's STRATA mark.  SBD's company name, domain name, and trademark uses, applications and registrations featuring the terms STRATA BIG DATA shall be referred to collectively as "SBD's Infringing Names and Marks."

### Injury to O'Reilly

23.     SBD's registration and use of SBD's Infringing Names and Marks have irreparably injured and, if permitted to continue, will irreparably injure O'Reilly, O'Reilly's reputation and the goodwill associated with its STRATA mark, as well as the public's interest in being free from confusion between service providers.

24.     SBD's registration and use of SBD's Infringing Names and Marks are likely to cause confusion, mistake, or deception as to the source or origin of O'Reilly's and SBD's respective services, and are likely to falsely suggest a sponsorship, connection, license, or

association between O'Reilly and SBD's goods and services, thereby injuring O'Reilly and the public.

26. O'Reilly has no adequate remedy at law.

## FIRST CLAIM FOR RELIEF
## Cybersquatting Under Section 43(d)
## of the Lanham Act, 15 U.S.C. §1125(d)

26. O'Reilly incorporates herein by reference each of the foregoing paragraphs.

27. SBD's registration and use of the domain name <stratabigdata.com> (and any other STRATA-formative domain names that SBD may own), occurring after STRATA became distinctive, constitutes a bad faith attempt to profit from the reputation and goodwill associated with O'Reilly's STRATA mark by registration and use of a domain name that is confusingly similar thereto, and are actionable under Section 43(d) of the Lanham Act, 15 U.S.C. §1125(d).

28. As a direct and proximate result of the actions, conduct, and practices of SBD alleged above, O'Reilly has been damaged and will continue to be damaged.

## SECOND CLAIM FOR RELIEF
## Violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)

29. O'Reilly incorporates herein by reference each of the foregoing paragraphs.

30. SBD's registration and use of SBD's Infringing Names and Marks are likely to cause confusion, mistake, or deception as to the origin, sponsorship, or approval of SBD's services and commercial activities, and thus constitute trademark infringement, false

designation of origin, passing off, and unfair competition with respect to O'Reilly's STRATA

mark in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a)(1).

31.     By registering and using SBD's Infringing Names and Marks, SBD has made

false and misleading representations of fact to internet users visiting SBD's Website and

social media accounts, misrepresenting the nature of SBD's goods and services, in violation

of Section 43(a)(1)(B) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(B).

32.     The actions, conduct, and practices of SBD described above have at all times

relevant to this action been willful and/or knowing.

33.     As a direct and proximate result of the actions, conduct, and practices of SBD

alleged above, O'Reilly has been damaged and will continue to be damaged.

## THIRD CLAIM FOR RELIEF
### Violation of the Michigan Consumer Protection Act
### M.C.L.A. § 445.903

34.     O'Reilly incorporates herein by reference each of the foregoing paragraphs.

35.     SBD's registration and use of SBD's Infringing Names and Marks constitute

unfair, unconscionable, or deceptive methods, acts, or practices in the conduct of trade or

commerce under M.C.L.A. §445.903.

36.     The actions, conduct, and practices of SBD described above have at all times

relevant to this action been willful and/or knowing.

37.     As a direct and proximate result of the actions, conduct, and practices of SBD

alleged above, O'Reilly has been damaged and will continue to be damaged.

## FOURTH CLAIM FOR RELIEF
### Common Law Trademark Infringement,
### Unfair Competition, and Misappropriation

38.     O'Reilly incorporates herein by reference each of the foregoing paragraphs.

39.     SBD's registration and use of SBD's Infringing Names and Marks constitute common law trademark infringement, unfair competition, and misappropriation of O'Reilly's goodwill under Michigan common law by reason of which O'Reilly has suffered, and will continue to suffer, irreparable injury.

40.     The actions, conduct, and practices of SBD described above have at all times relevant to this action been willful and/or knowing.

### PRAYER FOR RELIEF

WHEREFORE, O'Reilly prays that this Court enter judgment in its favor on each of the foregoing claims and award it relief including, but not limited to, the following:

A.     An injunction permanently enjoining SBD and its employees, agents, officers, directors, shareholders, subsidiaries, related companies, affiliates, distributors, dealers, and all persons in active concert or participation with any of them:

1.     From using SBD's Infringing Names and Marks, any variation of these marks and names, and any other marks or names that are confusingly similar to or that dilute the distinctiveness of the STRATA mark, including but not limited to use as domain names, trademarks, business names, metatags, account names, or other identifiers or as

12

part of websites, domain names, trademarks, business names, metatags, or other identifiers;

2.      From representing by any means whatsoever, directly or indirectly, that SBD, any goods or services offered by SBD, or any activities undertaken by SBD, are associated or connected in any way with O'Reilly or with O'Reilly's Goods and Services as marketed sold under STRATA mark, including but not limited creating or posting, or having others creating or posting, any websites or online accounts purporting to be O'Reilly or somehow affiliated or connected with O'Reilly;

B.      An Order immediately transferring the domain name <stratabigdata.com> (and any other STRATA-formative domain names and internet accounts that SBD may own) to O'Reilly and directing SBD to expressly abandon, with prejudice, SBD's Applications;

C.      An award of compensatory, statutory, and/or punitive damages, as well as O'Reilly's costs and attorneys' fees, incurred in connection with SBD's wrongful activities.

D.      Other relief as the Court may deem appropriate.

Respectfully Submitted,

HONIGMAN MILLER SCHWARTZ AND COHN LLP
Attorneys for Plaintiff

Dated: January 3, 2014          By: /s/ Brian D. Wassom
                                    Michael A. Lisi (P39537)
                                    Brian D. Wassom (P60381)
                                 39400 Woodward Avenue, Suite 101
                                 Bloomfield Hills, MI 48304, (248) 566-8490
                                 mlisi@honigman.com; bwassom@honigman.com

13

13753013.4